IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JIAN-CI HO, | ) Case No. 4:24-cv-01538 |
| Plaintiff, | ) **REQUEST FOR INTERNATIONAL** |
| v. | ) **JUDICIAL ASSISTANCE** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

The United States District Court of the Northern District of California presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Taiwan make available to the United States:

(1) corporate filings by Atum Technology Corporation with Taiwan's Ministry of Economic Affairs and the registration authority, Taipei City Government;

(2) the complete file of the prosecution filings and the court filings in Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment;

(3) filings in any cases concerning the bankruptcy, liquidation, or dissolution of Atum Technology Corporation; and

(4) documents containing information regarding the ownership of shares in Atum Technology Corporation in the possession of Chiao Yu-Cheng, Yen Wei-Hua(嚴偉華), Ma Wen-Ch'ang (馬文昌), Kuo Ming-Huang (郭明煌), Wu Hsieh-Lin (吳協霖), Yen T'ing-Yu (嚴庭鈺), Deloitte Touche Tohmatsu, Lee Wei-Hua (李緯華), Huang Yu-Wen (黃郁文), and Chung Ting-Ch'ang (鍾鼎昌).

## I. Summary of Action

The United States seeks information regarding Jian-Ci Ho's control over Taiwanese corporation Atum Technology Corporation to defend against Mr. Ho's claim seeking refund of certain payments to the United States' Internal Revenue Service for failing to comply with U.S. law.

In 2019, the United States Internal Revenue Service determined that Mr. Ho had failed to report control from 1998 through 2013 over four foreign corporations in the British Virgin Islands—Geneticware Co., Ltd., Pyramid Principles Company Ltd., Paramount Pride Company Ltd., and Peak Picture Company, Ltd.—and one Japanese corporation—Revatron Co., Ltd. Consistent with this determination, the Internal Revenue Service concluded that Mr. Ho owed over $3 million. In 2020 and 2022, Mr. Ho paid the assessed amount against him for his failure to report his control over Peak Picture Company, Ltd. in 2012. On March 13, 2024, Mr. Ho filed this case against the United States in the District Court for the Northern District of California for a refund of these payments. On July 31, 2024, the United States counterclaimed for the rest of the outstanding assessments.

The majority shareholder of three of the corporations—Pyramid Principles Company Ltd., Paramount Pride Company, Ltd., and Peak Picture Company, Ltd.—was Atum Technology Corporation. Atum Technology Corporation was incorporated in Taiwan and registered with Taiwan's Ministry of Economic Affairs. For at least a portion of the time periods at issue, Atum Technology Corporation may have been a publicly traded corporation in Taiwan.

The United States alleges that Mr. Ho controlled Atum Technology Corporation from 1998 through 2012 and thus controlled Pyramid Principles Company, Ltd., Paramount Pride Company, Ltd., and Peak Picture Company, Ltd. through Atum Technology Corporation during those years. To prove this, the United States must show that Mr. Ho owned, either directly, indirectly, or constructively, stock representing more than 50% of the combined voting power of all classes of Atum Technology Corporation's stock entitled to vote or more than 50% of the total value of shares of all classes of stock in Atum Technology Corporation from 1998 through 2012.

Mr. Ho alleges that the majority of the shares of Atum Technology Corporation were held by persons other than himself, including persons or entities affiliated with Arthur Chiao, also known as Chiao Yu-Cheng. Mr. Chiao is a Taiwanese citizen and the chairman and CEO of Taiwanese corporation Winbond Electronics Corporation.

## II.   Necessity of the Assistance Requested

Evidence regarding the extent of Mr. Ho's ownership interest in the Atum Technology Corporation is necessary for this Court to resolve the dispute between Mr. Ho and the United States over whether Mr. Ho is liable for penalties for failing to report his control over companies owned through Atum Technology Corporation.

Mr. Ho was chairman of Atum Technology Corporation during the years at issue, but he no longer has complete records regarding the shareholders of Atum Technology Corporation for those years. Mr. Ho alleges that he never held a controlling interest in Atum Technology Corporation and that Atum Technology Corporation filed for "the equivalent of bankruptcy in 2004" and was judicially dissolved in 2007.

Also, Taiwan's Judicial Search System reflects that a criminal case was filed against Mr. Ho in Shilin District Court for violating Article 9 of Taiwan's Company Act in his representations regarding Atum Technology Corporation's shares in its incorporation application. This case is Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment. Mr. Ho alleges that Mr. Chiao filed the initial criminal complaint that led to this criminal case

against him. Mr. Ho has also provided a copy of a criminal complaint that Atum Technology Corporation filed against Mr. Chiao. However, Mr. Ho does not have the supporting exhibits. This criminal complaint is attached as Exhibit 1.

Furthermore, information from the criminal case against Mr. Ho, Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment, may be relevant to whether Mr. Ho directly, indirectly, or constructively owned the majority of the shares or voting power in Atum Technology Corporation during the years at issue. Because not all the records from this criminal case are publicly available, these records are not otherwise obtainable. Additionally, information about Atum Technology Corporation and its ownership may have been obtained by the Control Yuan in connection with an investigation into the prosecutors' issuance of an arrest warrant against Mr. Ho in the criminal case described above, that culminated in a decision issued by that body on September 16, 2003 as Document No. (92) Court Registry Bureau Letter No. 0922601576.

Finally, additional information regarding Atum Technology and its ownership may be found in the files of the Shih Lin Branch of the Executive Yuan's Ministry of Justice Administrative Enforcement Agency, which issued an order on September 29, 2014 at the request of one of Atum Technology Corporation's liquidators, Yeh Huifang, preventing a third party from collecting against certain rights held by Atum. *See* Document No: Shih Chih Ting Year 96 Tax Enforcement Specialized Code No. 00025549.

And if there was a bankruptcy case involving Atum Technology Corporation, records from that case may be relevant to determining the extent of Mr. Ho's ownership in Atum Technology Corporation and what years Atum Technology Corporation operated. Because Mr. Ho does not have these records, these bankruptcy records are not otherwise obtainable through this Court's compulsory process.

Other Taiwanese citizens and corporations involved in Atum Technology Corporation as its officers or shareholders, or who performed services for Atum Technology Corporation, may have information regarding the ownership of the company. For example, Mr. Ho maintains that

the majority of the shares of Atum Technology Corporation were held by persons or entities affiliated with Taiwanese citizen Chiao Yu-Cheng. Thus, Chiao Yu-Cheng, as well as other officers and shareholders of Atum Technology Corporation, may have documents containing information about the ownership of shares in Atum Technology Corporation.

These records are not obtainable through this Court's compulsory process. It is thus in the interests of justice for Taiwan to provide Atum Technology Corporation's records. This Court, like all federal U.S. courts, is authorized to issue a letter rogatory or request for such evidence and testimony pursuant to 28 U.S.C. § 1781, and also has inherent authority to do so. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).

### III. Assistance Requested

Please note that the party who made the request will reimburse any reasonable costs incurred in complying with the request and provide any additional assistance necessary to fulfill the request, as indicated below.

*A. Ministry of Economic Affairs and Taipei City Government*

To determine the extent of Mr. Ho's control over Atum Technology Corporation from 1998 through 2012, this Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents from Taiwan's Ministry of Economic Affairs and Taipei City Government:

- Atum Technology Corporation's corporate filings, including any articles of incorporation, bylaws, records of dissolution, and documents with information regarding shareholders, the distribution of shares, the voting power of shares or shareholders, assets, and liabilities of Atum Technology Corporation from 1998 through 2012.

The United States agrees that it will reimburse any reasonable costs incurred in complying with this request. The United States has authorized Lily Lin of Stellex Law Firm to represent its interests and serve as its counsel in the execution of this request, as well as the

requests set out in sections B-F. Please contact Ms. Lin for any questions or notices regarding these requests. Ms. Lin's contact information is:

> Lily Lin
> Stellex Law Firm
> 16F., No.109, Sec. 3, Minsheng E. Rd.
> Songshan Dist., Taipei City 105
> Taiwan
> +886-2-2712-9096 Ext. 635
> lily.lin@stellexlaw.com

### B. *Shilin District Court Prosecution and Court Filings*

The Court thus respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents regarding in Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment:

- The complete file of the prosecution filings in Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment;
- The complete court filings of the first instance in Shilin District Court Year 2016 Shu-Chi-Zhi No. 24 Criminal Judgment; and
- The exhibits attached to the criminal complaint filed by Atum Technology Corporation against Arthur Chiao (attached as Exhibit 1) and any prosecution files related to that complaint.

The United States agrees that it will reimburse any reasonable costs incurred in complying with this request.

### C. *Control Yuan*

Similarly, this Court also request that the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents from the Control Yuan:

- Files related to the Control Yuan's investigation of the prosecutor's conduct during the 2003 investigation described above, including the files in relation to

the letter dated September 16, 2003 as Document No. (92) Court Registry Bureau Letter No. 0922601576 and;

- Files related to any investigation of Arthur Chiao initiated prior to 2004 in response to complaints filed by Mr. Ho prior to his departure from Taiwan.

The United States agrees that it will reimburse any reasonable costs incurred in complying with this request.

D. *Ministry of Justice, Administrative Enforcement Agency*

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents from the Ministry of Justice, Administrative Enforcement Agency:

- Files related to the Shih-Lin Branch of the Executive Yuan's Ministry of Justice Administrative Enforcement Agency 2014 decision regarding who is entitled to funds potentially belonging to Atum Technology Corporation.

The United States agrees that it will reimburse any reasonable costs incurred in complying with this request.

E. *Judicial Yuan and Bankruptcy Body*

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents from the Judicial Yuan and any other relevant body:

- Complete court filings of any cases concerning the bankruptcy, dissolution, or liquidation of Atum Technology Corporation.

The United States agrees that it will reimburse any reasonable costs incurred in complying with this request.

F. *Arthur Chiao/Chiao Yu-Cheng*

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to

this Court the following documents in the possession, custody or control of Chiao Yu-Cheng (also known as Arthur Chiao), an individual associated with Atum Technology Corporation.

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Chiao is a Taiwanese citizen who resides in Taiwan. His business address is Winbond Electronic Corporation – CTSP Fab, No. 8, Keya 1st Road, Daya District, Central Taiwan Science Park, Taichung City 428303, Taiwan. The United States agrees that it will reimburse any reasonable costs incurred in complying with this request.

G. *Yen Wei-Hua* (嚴偉華)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of 嚴偉華 Yen Wei-Hua, the Chief Financial Officer of Atum Technology Corporation prior to 2003:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request. With respect to Mr. Yen and those individuals set out in sections H-K and M-O below, Mr. Ho and his counsel are still attempting to obtain current addresses for these individuals. If the Appropriate Judicial Authority of Taiwan has difficulty locating these individuals, it may contact Mr. Ho's attorney to determine if current addresses have been located. Mr. Ho's attorney. John Colvin, can be reached at (01)(206) 223-0800 or via email at jcolvin2@colvinhallettlaw.com.

H. *Ma Wen-Ch'ang* (馬文昌)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of 馬文昌 Ma Wen-Ch'ang, the Chief Financial Officer of Atum Technology Corporation after 2003:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

I. *Kuo Ming-Huang* (郭明煌)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of 郭明煌 Kuo Ming-Huang, a former board member and 旭展 Chief Executive Officer of Atum Technology Corporation:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

J. *Wu Hsieh-Lin* (吳協霖)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of Wu Hsieh-Lin, a former board member of Atum Technology Corporation:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

K. *Yen T'ing-Yu* (嚴庭鈺)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to

this Court the following documents in the possession, custody or control of Yen T'ing-Yu, a former attorney of Atum Technology Corporation:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

L.  *Deloitte Touche Tohmatsu*

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of Deloitte Touche Tohmatsu, former accountants for Atum Technology Corporation, located at 20F, Taipei Nan Shan Plaza, No. 100, Songren Rd., Xinyi Dist., Taipei 110421, Taiwan.

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

M.  *Lee Wei-Hua* (李緯華)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of Lee Wei-Hua, a former shareholder of Atum Technology Corporation:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

N.  *Huang Yu-Wen* (黃郁文)

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of Huang Yu-Wen, a former shareholder and founder of Atum Technology Corporation:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

O.  *Chung Ting-Ch'ang* (鍾鼎昌),

The Court respectfully requests that, in the interests of justice, the Appropriate Judicial Authority of Taiwan issue appropriate orders, subpoenas, or other process to make available to this Court the following documents in the possession, custody or control of Chung Ting-Ch'ang, an investigator with the Taiwan Investigation Bureau who investigated the allegations against Mr. Ho:

- All documents containing information regarding the ownership of shares in Atum Technology Corporation.

Mr. Ho agrees that he will reimburse any reasonable costs incurred in complying with this request.

Pursuant to 28 U.S.C. § 1782, this Court stands ready to extend similar assistance to the Courts of Taiwan in like cases.

Dated: __July 30, 2025__

_____
HON. JON S. TIGAR
United States District Judge